UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JODI L. I., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Case No. C24-5938-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1965, has a high school education, and has worked as a cleaner.  AR 243-47.  Plaintiff was last gainfully employed in January 2020.  AR 247.

On May 31, 2022, Plaintiff applied for benefits, alleging disability as of January 1, 2020.  AR 226.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff

1  requested a hearing.  AR 17.  After the ALJ conducted a hearing on November 27, 2023, the ALJ
2  issued a decision finding Plaintiff not disabled.  AR 27.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity from January 1, 2020, through her date late insured ("DLI"), December 31, 2021.

**Step two**:  Plaintiff has the following severe impairments:  degenerative disc disease, degenerative joint disease, and arthritis.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Through her DLI, Plaintiff could perform medium work.

**Step four**:  Through her DLI, Plaintiff could perform past relevant work.

AR 19-27.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

---

[1] 20 C.F.R. §§ 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id*.

## DISCUSSION

Plaintiff argues the ALJ erred by finding her depression non-severe, misevaluating the medical opinion evidence, and misevaluating her past relevant work.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Did Not Err at Step Two

In practice, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  If substantial evidence supports an ALJ's step-two findings the decision will be upheld.  *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023).  The substantial evidence threshold is "not high." *Biestek*, 587 U.S. at 103.

The ALJ considered Plaintiff's symptoms of depression for the closed period from January 2020 through her DLI, December 2021, and determined that, during that period, it caused no limitation in the four functional areas of: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. AR 20.

Plaintiff argues the ALJ erred because the record shows that she required continuous medication to manage her symptoms, she was startled easily, cried easily, and, after her DLI, reported worsening depression. Dkt. 15 at 5. But the ALJ incorporated this evidence into his step two determination. AR 20. Nor do these symptoms indicate any limitation in the four functional areas the ALJ assessed. Treating notes from January 2020 indicated that, at that appointment, Plaintiff "startle[d] easily and cries and [was] just not doing as well as she should[,]" and her doctor consequently increased her psychiatric medication. AR 342. Her next appointment notes indicate her "mood is doing well." AR 341. Subsequent notes indicate her depression was stable through the DLI. AR 327-40. Plaintiff does not make any argument or point to any evidence that shows her depression caused any limitations in her ability to work, conclusorily stating that she had "concentration deficits, fatigue, and mood instability." *See* Dkt. 15 at 4-7. The claimant bears the burden at step two. *Guardado v. Astrue*, 508 F. App'x 650, 651 (9th Cir. 2013). Accordingly, the ALJ did not err in finding Plaintiff's depression was a medically determinable, but not severe impairment.

**B.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

Plaintiff next argues the ALJ erred in his assessment of the medical opinion evidence. Dr. Cooke provided two opinions which the ALJ considered: one issued in October 2021, shortly before the DLI, and one in November 2023. AR 25. The ALJ found the October 2021

opinion persuasive of Plaintiff's capabilities during the period at issue but discounted the 2023 opinion as not reflective of Plaintiff's condition during the relevant period, unsupported, and contradicted by the overall medical record.  AR 25.

Plaintiff argues the ALJ erred by crediting the first opinion and discounting the second.  Dkt. 15 at 8-13.  She contends Dr. Cooke's general statement that Plaintiff could work full time was not a functional assessment and was a conclusion reserved to the Commissioner.  Dkt. 15 at 12.  But the ALJ appropriately found that Dr. Cooke's opinion from October 2021 that Plaintiff "is able to work full time" was supported by his treatment notes, consistent with the record, and gave more than sufficient reasons to accept it.  AR 25; *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the doctor's] report because the ALJ did not reject any of [his] conclusions.").  Contrary to Plaintiff's arguments, the ALJ was not required to reject the opinion as conclusory,[3] and appropriately evaluated it in the context of the overall diagnostic picture drawn by Dr. Cooke.

Nor did the ALJ err in discounting Dr. Cooke's 2023 opinion.  In his 2023 opinion, Dr. Cooke opined that Plaintiff could rarely lift twenty pounds, and never lift fifty or more pounds.  AR 367.  She could rarely stoop, and never kneel, crouch, or crawl.  AR 368.  It was proper for the ALJ to reject medical opinions which were more remote in time and rely more heavily on opinions issued closer to the relevant period.  *See Johnson v. Astrue*, 303 F. App'x 543, 545 (9th Cir. 2008) ("The ALJ properly rejected medical opinions that were remote in time, relying more

---

[3] Plaintiff cites *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012), as supporting the proposition "that an ALJ errs by relying on a physician's broad statement about ability to work rather than requiring an assessment of functional limitations."  Dkt. 15 at 12.  But *Hill* held that the doctor's statement "that [the claimant] would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of [claimant's] likelihood of being able to sustain full time employment."  698 F.3d at 1160.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

heavily on more recent opinions."). Dr. Cooke's 2023 opinion was issued nearly two years after Plaintiff's DLI, and does not give any indication that it related back to the relevant time. AR 366-74. It was reasonable for the ALJ to find that the opinion issued during the period in question was more probative than one issued two years later.

The ALJ further found that, during the relevant period, the objective medical evidence and plaintiff's activities contradicted Dr. Cooke's 2023 opinion. AR 25-26. The medical evidence showed Plaintiff's symptoms were well controlled and stable during the relevant period. AR 25 (citing AR 329-30 ("1. Chronic pain secondary to degenerative spine and arthritis. Is stable. 2. Depression, stable"), AR 330 ("Pain is well controlled."), AR 332 ("Depression, is doing well and stable. . . . . Pain is well controlled."), AR 334 ("Chronic back pain . . . Is stable."), AR 337 ("Chronic pain . . . Is stable."), AR 341 ("Here with chronic low back pain as a result of degenerative lumbar spine. Is stable. . . . Mood is doing well.")). As for activities, Plaintiff was the sole caretaker for her disabled husband, including lifting, transferring, and taking care of all housework, from the alleged onset date of her disability up until his death in October 2021. AR 25-26 (citing AR 331 ("With [medication] pain is adequately controlled. She is able to do what she needs to do. Her husband has bilateral amputee and has to lift him and transfer him multiple times a day as well as take care of home inside and out"), AR 333 ("She is sole caretaker of her husband who is on dialysis [and left] leg amputation. These meds help her to function and [bring down] her pain so she can provide care on a daily basis."), AR 336 ("doing well for her . . . no [increase] in back pain"), AR 339 ("With [medication] she is able to help take care of her husband is active. Is doing well."), AR 340 ("Is doing well with [medication] and can take care of home and help take care of her husband.")). It was reasonable

of the ALJ to conclude that this contemporaneous evidence during the relevant period contradicted Dr. Cooke's opinion.

Accordingly, the ALJ did not err in his evaluation of Dr. Cooke's opinions.

### C.     The ALJ Did Not Err in Classifying Plaintiff's Past Relevant Work

Lastly, Plaintiff argues the ALJ erred in finding she could do her past relevant work. Dkt. 15 at 12-17. She does not challenge that the jobs listed could be performed at a "medium" exertional level. Rather, Plaintiff argues the listed jobs should not be considered past relevant work. *Id.* She advances two theories in support of this position: (1) the ALJ should not have considered some of the jobs included as past relevant work as she did not earn the equivalent to substantial gainful activity, and (2) the ALJ should have considered her past relevant work as a composite job not two separate jobs. *Id.*

For the reasons explained below, the Court does not find that the ALJ erred in determining Plaintiff could perform her past relevant work as a housekeeper and janitor. Therefore, any error in finding that bartender, automobile service station attendant, cashier, and housekeeper constitute past relevant work is harmless. *See Lind v. Astrue*, 370 F. App'x 814, 817 (9th Cir. 2010).

Plaintiff argues that the ALJ should have evaluated her self-employment as a composite job. She testified that she worked at a motel for a period of time, though she did not remember when. AR 44-46. The job she held for the longest involved cleaning and basic maintenance of vacation properties. AR 46-50. Plaintiff argues that the ALJ erred in considering housekeeping cleaner and janitor as two separate jobs, and not considering if she could perform each essential duty of her previous work as a composite job doing basic maintenance and housecleaning for vacation homes. Dkt. 15 at 16.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

   "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the [Dictionary of Occupational Titles (DOT)]." Social Security Ruling (SSR) 82-16. The vocational expert (VE) testified that, based on Plaintiff's testimony, she performed two separate jobs: one of housekeeping and one janitorial job. AR 69. When Plaintiff's counsel questioned if her job should be considered a composite job, the VE clarified that "just taking care of the houses would be housekeeping. But the job that Claimant described where she was also taking care of scratches on the walls and having to touch up paint, fix a screw on a deck, or replace a board, that would have been a janitor job." AR 69. The DOT contemplates that a janitor both cleans and maintains a building.[4] "The DOT is 'the best source for how a job is generally performed.'" *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

   Plaintiff's counsel said he believed the cleaning and building maintenance were one job done in conjunction, to which the VE replied, "then that job that required her to do the building maintenance would also be a composite job." AR 70. This evidence is, at best, ambiguous as to whether the VE considered Plaintiff's job a composite job. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

---

[4] DOT 382.664-010 ("TITLE(s): JANITOR (any industry) alternate titles: maintenance engineer; superintendent, building: Keeps hotel, office building, apartment house, or similar building in clean and orderly condition and tends furnace, air-conditioner, and boiler to provide heat, cool air, and hot water for tenants, performing any combination of following duties: Sweeps, mops, scrubs, and vacuums hallways, stairs and office space. Regulates flow of fuel into automatic furnace or shovels coal into hand-fired furnace. Empties tenants' trash and garbage containers. Maintains building, performing minor and routine painting, plumbing, electrical wiring, and other related maintenance activities, using handtools. Replaces air-conditioner filters. Cautions tenants regarding complaints about excessive noise, disorderly conduct, or misuse of property. Notifies management concerning need for major repairs or additions to lighting, heating, and ventilating equipment. Cleans snow and debris from sidewalk. Mows lawn, trims shrubbery, and cultivates flowers, using handtools and power tools. Posts signs to advertise vacancies and shows empty apartments to prospective tenants. May reside on property and be designated Manager, Resident (any industry).")

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

Here, even if Plaintiff's past relevant work were a composite of the housekeeping and janitor job titles, the ALJ reasonably determined she could perform both within her RFC during the relevant time period. Accordingly, the ALJ did not err in determining Plaintiff could perform her past relevant work.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of September, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge